# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF REGENCY CONSTRUCTION, INC.** | * | CIVIL ACTION NO. 02-1707 |
| | * | JUDGE JAMES |
| **VERSUS** | * | MAGISTRATE JUDGE HAYES |
| **J. H. PARKER CONSTRUCTION CO., INC., SWISS REINSURANCE AMERICA CORPORATION and OSMENT AND COMPANY** | | |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Quantify Judgment filed by defendant, cross-claimant, and third-party plaintiff, Swiss Reinsurance America Corporation ("Swiss Re"). (Document No. 115). J. H. Parker Construction Co., Inc., and its principals have continuously defaulted in this case and, unsurprisingly, have failed to oppose Swiss Re's motion. For reasons stated below, it is recommended that the motion be **GRANTED.**

## BACKGROUND

This action arises out of a Miller Act claim on behalf of Regency Construction, Inc. ("Regency") against J.H. Parker Construction Co., Inc. ("Parker Construction"). Swiss Re served as Parker Construction's surety on a federal construction project and was named as a defendant by Regency, a supplier of materials on the project, in a suit to recover payment. Swiss Re filed a cross-claim against Parker Construction and filed a third-party demand against Parker's principals, John H. Parker and Susan T. Parker. Neither Parker Construction, nor its principals filed an answer in this case, and, accordingly, the Court entered default judgments against all three in favor of Regency.

Swiss Re, as indemnitee under contracts with Parker Construction and its principals, then moved for summary judgment against the same. On September 8, 2004, the Court entered judgment in favor of Swiss Re and against Parker Construction, John H. Parker, and Susan T. Parker. The judgment provided:

> [J]udgment is hereby entered herein in favor of Swiss Reinsurance America Corp. against defendant in cross-claim, J.H. Parker Construction Co., Inc., and against third-party defendants, John H. Parker, and Susan T. Parker, for indemnity, for all attorneys' fees, expenses, and costs, associated with Swiss Reinsurance America Corp.'s being made a party to this action, for being required to pursue its cross-claim and third-party demand in order to enforce the Indemnity Agreement, for any loss or liability it may incur in this action, and for interest on all sums ultimately due, the amounts of which are reserved for resolution upon the conclusion of this matter.

(Rec. Doc. No. 88). Swiss Re's current motion seeks to quantify the judgment quoted above.

Swiss Re's requested judgment has four components: $119,933.99, the amount it, as surety of Parker Construction, has paid to Regency in full satisfaction of judgment rendered on November 15, 2005; $21,028.25, the amount of attorneys' fees it has expended in this case; $628.24, the amount of costs in this case; and any interest that accrues on these amounts until payment is made. In support of its requested attorneys' fees and costs, Swiss Re has submitted detailed billing records from its attorneys.

The undersigned, after reviewing Swiss Re's documented attorneys' fees and costs, and considering them under the relevant factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), finds Swiss Re's requested judgment to be accurate and in accordance with the Court's September 8, 2004, order. Thus, it is recommended that Swiss Re's motion be **GRANTED and that there be judgment in favor of Swiss Re, as cross-claimant and third-party plaintiff, against J. H. Parker Construction Co., Inc., defendant in cross-claim, and against John H. Parker and Susan T. Parker, third-party defendants,**

2

**jointly and *in solido*, in the amount of $119.933.99, plus costs in the amount of $628.24 and attorneys' fees in the amount of $21,028.25, plus interest from the date of judgment.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE